FRED WHITAKER and MARY WHITAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitaker v. Commissioner
Docket No. 713-76
United States Tax Court
T.C. Memo 1977-238; 1977 Tax Ct. Memo LEXIS 196; 36 T.C.M. (CCH) 977; T.C.M. (RIA) 770238; July 27, 1977, Filed *196 Petitioners carried back net operating losses to years in which they had ordinary income and capital gain, but offset such losses only to the extent of their ordinary income. Held, both capital gain and ordinary income must be included in the "taxable income" which "absorbs" net operating loss deductions before any loss excess can be found to be available for carryforward to succeeding taxable years. United States v. Foster Lumber Co., Inc., 97 S. Ct. 204 (1976). J. Philip Goode, for the petitioners. Suzanne B. O'Neill, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the calendar years 1971 and 1972 in the respective amounts of $25,442.03 and $102,421.62. Due to concessions by the parties, the sole issue for decision is whether petitioners, noncorporate taxpayers using the "regular" tax method provided by section 1, I.R.C. 1954, must offset net operating loss carrybacks against the sum of the ordinary income and the capital gain or are instead limited *198 to offsetting only ordinary income. The parties submitted this case under Rule 122, Tax Court Rules of Practice and Procedure. All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. The facts necessary to an understanding of the case at bar are as follows: Petitioners, Fred Whitaker and Mary Whitaker, husband and wife, resided in Carthage, Texas, at the time of filing their petition herein. Petitioners filed joint Federal income tax returns for the calendar years 1971 and 1972 with the director, internal revenue service center at Austin, Texas. The table below shows petitioners' net operating loss computations for the taxable years 1963 through 1970: 1963
1964
1965
1966
Adjusted gross income
($111,769.00)
($125,266.52)
($225,164.88)
($128,496.18)
per return
Add- Sec. 172
Modifications
(a) Net operating
loss
deduction included
221,771.66
(b) 50% capital gain
deduction
528,330.99
31,121.45
56,673.42
Correction to return
152.62
Net operating losses
available for carry-
back and carryover
(111,616.38)
(194,043.43)
(71,822.76)
Adjusted gross income
modified
624,836.13
*199 1967
1968
1969
1970
Adjusted gross income
($103,525.26)
($364,318.45)
($66,481.44)
($363,371.10)
per return
Add- Sec. 172
Modifications
(a) Net operating
loss
deduction included
456,078.62
396,357.12
(b) 50% capital gain
deduction
24,929.21
172,939.19
14,586.56
8,120.24
Correction to return
(6,247.04)
(4,126.19)
3,319.89
Net operating losses
available for carry-
back and carryover
78,596.05)
(56,021.07)
Adjusted gross income
modified
258,452.32
44,426.15
A net operating loss was available for carryforward from 1961 in the amount of $106,723.12. A net operating loss was available for carryback from 1962 in the amount of $6,301.08. The question is how much of the net loss carrybacks and carryovers is "absorbed" by taxable income in 1964 and 1968. The answer controls the determination of the amount of loss, if any, that may be carried over to 1971 and 1972, the years here in controversy. Petitioners contend that in applying the net operating loss carrybacks and carryovers, their taxable income for 1964 and 1968 "absorbed" the net operating losses only to the extent of their ordinary income. Since their *200 net operating losses for 1964, 1966, 1967 and 1969 were not fully "absorbed", petitioners contend they are entitled to carryforward to 1970 and 1971 $202,313.69 and $129,130.82 respectively. Respondent urges that capital gain is added to ordinary income to determine taxable income for each of the taxable years to which the net operating loss may be carried. Respondent contends that if capital gains are added to ordinary income, there remain $62,034.39 and $208,678.29 in modified adjusted gross income for 1964 and 1968, respectively, which were not "absorbed" by carryback and carryforward of net operating losses. Since petitioners did not incur a net operating loss in 1970 available for carryforward, respondent contends that they have no remaining loss available to carryforward to the taxable years 1971 and 1972.
The dispute in this case centers on the meaning of "taxable income" as used in section 172(b)(2) [1] to govern the amount of carrybacks and carryovers that must be "absorbed" in any taxable year. The United States Supreme Court in United States v. Foster Lumber Company, Inc.,97 S.Ct. 204 (1976), held that a corporation that carried back a net operating *201 loss to a year in which it had ordinary income and capital gains, computed under the alternative method, could carryforward to a succeeding year only the amount by which the loss exceeded the prior year's ordinary income plus capital gains. The Court stated: Section 172(d)(2)(B) provides a further indication that capital gains are properly included in the taxable income that a loss deduction must offset before being carried to a succeeding carryover year. For a noncorporate taxapayer who normally computes his tax liability by deducting 50% of net long-term capital gains under sec. 1202 of the Code, sec. 172(d)(2)(B) requires that the full amount of ordinary income plus capital gains be offset against the net operating loss. That "taxable income" encompasses capital gains income for individual taxapayers under sec. 172 strongly suggests that the "taxable income" of corporate taxpayers whould be given similar scope. [97 S.Ct. at 213, n. 18] *202 In view of the Supreme Court's holding that both capital gain and ordinary income must be included in the "taxable income" which "absorbs" the net operating loss deduction, we hold that petitioners' net operating loss carryovers and carrybacks were fully consumed in 1964 and 1968 and thus there was no excess to apply to 1971 and 1972. Decision will be entered under Rule 155. Footnotes
1. SEC. 172. NET OPERATING LOSS DEDUCTION. (b)(2) Amount of carrybacks and carryovers. -- * * * [The] entire amount of the net operationg loss for any taxable year * * * shall be carried to the earliest of the taxable years to which * * * such loss may be carried. The portion of such loss which shall be carried to each of the other taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. * * *↩